UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LORI ANN WISECARVER, a/k/a<br>LORI VOCU, and<br>MITCHELL LEE WISECARVER,<br><br>Defendants. | CR. 15-50114-JLV<br><br>ORDER |

## INTRODUCTION

On May 25, 2016, defendant Lori Wisecarver ("Lori") filed a motion to sever her trial from that of her codefendant and husband, Mitch Wisecarver ("Mitch"). (Docket 55). The government filed its response resisting Lori's motion on June 15, 2016. (Docket 71). Lori did not file a reply brief. Lori and Mitch are both charged in all three counts of the indictment pending against them. (Docket 2). Count 1 charges Lori and Mitch with aiding and abetting one another in committing first degree murder in violation of 18 U.S.C. §§ 2, 1111 and 1153. Id. at 1. Count 2 charges Lori and Mitch with aiding and abetting one another in committing felony child abuse—aggravated battery of an infant in violation of 18 U.S.C. §§ 2 and 1153 and SDCL § 22-18-1.4. Id. at 2. Count 3 charges Lori and Mitch with felony child abuse and neglect in violation of 18 U.S.C. §§ 1153 and 3559(f)(3) and SDCL §§ 26-10-1 and 26-8A-2(3) & (6). Id. J.L., a minor, is the alleged victim in all of the counts. Id. at 1-2.

## DISCUSSION

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). "If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14." These rules are to be 'liberally construed in favor of joinder.' " Id. (quoting United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994)). The United States Court of Appeals for the Eighth Circuit instructs "[j]oinder must be viewed on a case by case basis." Haggard v. United States, 369 F.2d 968, 974 (8th Cir. 1966).

"The propriety of joinder is to be determined from the face of the indictment. . . . The factual allegations in the indictment must be accepted as true." United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984) (internal citations omitted),*overruled on other grounds by* United States v. Gardner, 447 F.3d 558, 560-61 (8th Cir. 2006); see also United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998) (The "indictment must reveal on its face a proper basis for joinder.").

1. **Federal Rule of Criminal Procedure 8**

   Federal Rule of Criminal Procedure 8 provides:

   > (b) **Joinder of Defendants.** The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8.

Lori does not assert she is improperly joined with Mitch in the indictment under Fed. R. Crim. P. 8, claiming only that joinder is improper under Rule 14(a). (Docket 55).  The court agrees.  Accepting the allegations in the indictment as true, the court finds Lori and Mitch are properly joined as codefendants in the indictment under Fed. R. Crim. P. 8(b).

## 2. Federal Rule of Criminal Procedure 14

"Under Rule 14, a district court may sever a defendant's trial from the trial of co-defendants if it appears that a defendant . . . is prejudiced by a joinder of offenses or of defendants in an indictment . . . or by such joinder for trial together."  Darden, 70 F.3d at 1527 (internal quotation marks and brackets omitted).  "When joinder is proper under Rule 8, the defendant seeking a severance has the burden to demonstrate how the joint trial prejudiced his or her right to a fair trial."  Id. (citations omitted).  The preference for joinder may be overcome only if a defendant "can show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice."  United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009) (internal quotation marks and citations omitted).

"To show real prejudice, the defendant must establish that '(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.' " United States v. Davis, 534 F.3d 903, 916-17 (8th Cir. 2008) (quoting United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004)); see also United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003) (In "ruling on a motion for severance,

3

a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants.   To grant a motion for severance, the necessary prejudice must be severe or compelling.") (internal quotation marks and citations omitted).

"In order to show prejudice, a defendant must establish something more than the mere fact that his chance for acquittal would have been better had he been tried separately.   [The defendant] must affirmatively demonstrate that the joint trial prejudiced his right to a fair trial."   United States v. Shivers, 66 F.3d 938, 940 (8th Cir. 1995) (internal quotation marks and citations omitted). "Disparity in the weight of the evidence between the codefendants is not a sufficient reason for severance."   United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996) (citations omitted).

"[T]he mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials."   Shivers, 66 F.3d at 940 (internal quotation marks and citations omitted).   "[T]he existence of antagonistic defenses does not require severance unless the defenses are actually irreconcilable. . . . Put simply, mere hostility between defendants or one defendant's attempt 'to save himself at the expense of another' codefendant is not a sufficient ground to require severance."   Id. (quoting United States v. Boyd, 610 F.2d 521, 526 (8th Cir.1979), *cert. denied*, 444 U.S. 1089 (1980); see also United States v. Searing, 984 F.2d 960, 965 (8th Cir. 1993) ("The mere fact that defendants are apparently hostile to one another is not grounds for severance.").

4

Lori asserts she will be prejudiced if her case is tried with codefendant Mitch. (Docket 56 at p. 2). Lori argues her defense and Mitch's defense are antagonistic. Id. Lori's defense is "that someone or something other than her caused the injury and death of the victim, her son." Id. Lori asserts Mitch, based on his FBI interviews, will "point[] to [her] as a potential source of the child's injury and resulting death." Id. Lori believes "in all probability" that Mitch will not testify, and the government will "likely" seek to introduce his prior statements. Id. Lori asserts her Fifth Amendment right against self-incrimination and her Sixth Amendment right to confront and cross-examine adverse witnesses will be violated if the government introduces Mitch's prior statements at trial and he does not testify. Id. at 3-5 (citing a potential violation of the United States Supreme Court's decision in Bruton v. United States, 391 U.S. 123 (1968)).[1] Lori further asserts that even if Mitch testifies, she will be prejudiced by being forced to play the "maybe" game. Id. at 5.

Lori failed to carry her burden of demonstrating she will suffer severe prejudice as contemplated by Fed. R. Crim. P. 14. More is required than general, unsupported assertions of prejudice. Lori failed to establish her defense is irreconcilable with her codefendant Mitch. The court's only knowledge of Lori's defense is her position that "someone or something other than her" caused J.L.'s injury and death. (Docket 56 at p. 2). Accepting Lori's

---

[1] The court addresses Lori's claimed Sixth Amendment Confrontation clause violation separately. See infra.

assertions regarding Mitch's defense as true, he will claim she caused J.L.'s injuries and ultimate death.  Id.; see also Docket 62.  The Eighth Circuit has expressly rejected blame shifting arguments as a basis for severance.  See Shivers, 66 F.3d at 940.  Lori failed to establish her theory of defense is irreconcilable with Mitch's defense.

Other than an unsupported argument that no cautionary jury instruction can cure the prejudice she would suffer if the jury is allowed to hear Mitch's statements (Docket 56 at p. 3), Lori made no showing that the jury would be unable to compartmentalize the evidence against each codefendant.  Lori failed to demonstrate her right to a fair trial will be prejudiced by a joint trial with Mitch.  The motion to sever under Rule 14 is denied.

    **3.**    **Sixth Amendment Confrontation Clause**

"The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant to be confronted with the witnesses against him."  Cruz v. New York, 481 U.S. 186, 189-90 (1987) (internal quotation marks omitted).  "Where two or more defendants are tried jointly, therefore, the pretrial confession of one of them that implicates the others is not admissible against the others unless the confessing defendant waives his Fifth Amendment rights so as to permit cross-examination."  Id.  In Bruton, the Supreme Court held "the admission of a confession of a codefendant who did not take the stand deprived the defendant of his rights under the Sixth Amendment Confrontation Clause, when that confession implicated the defendant."  Schneble v. Florida, 405 U.S.

427, 429-30 (1972) (citing Bruton, 391 U.S. at 126).  "Bruton's prohibition applies only when the declarant co-defendant does not testify at trial."  United States v. Coco, 926 F.2d 759, 761 (8th Cir. 1991).

Lori asserts she will be prejudiced and her Sixth Amendment Confrontation Clause rights violated if Mitch does not testify and the government is allowed to introduce into evidence the statements he made to law enforcement personnel which implicate her in the charged offenses.  The court has not been provided with Mitch's statements and does not know whether Mitch will testify at trial.  The government advised it will not seek the admission of Mitch's statements into evidence during its case-in-chief.  (Docket 71 at pp. 8-9). If Mitch elects not to testify, the government will not seek the admission of his pretrial statements.  Id.  If Mitch waives his Fifth Amendment right against self-incrimination and chooses to testify, the government will approach the court, outside of the presence of the jury, and will indicate whether it seeks the admission of Mitch's statements into evidence as rebuttal testimony.  Id. at 9. The court would make a ruling as to the admissibility of the statements at that time.

Lori's Sixth Amendment right to confront and cross-examine adverse witnesses will not be prejudiced under this approach.  If Mitch does not testify, the government will not seek the admission of his statements.  Lori concedes her Sixth Amendment rights would be preserved under this scenario.  (Docket 56 at p. 3).  If Mitch chooses to testify, he will be subject to cross-examination by

Lori's attorney and the Bruton prohibition is inapplicable. See Coco, 926 F.2d at 761. Mitch's statements will not be admitted unless he testifies at trial. Lori will not be forced to testify to rebut the inculpating information from a non-testifying defendant. See United States v. Rantz, 862 F.2d 808, 812 (10th Cir. 1988) (citing Bruton, 391 U.S. at 137). Her Fifth Amendment right against self-incrimination is not prejudiced.

Lori claims even if the government does not seek the admission of Mitch's pretrial statements or Mitch chooses to testify at trial, she is prejudiced by the intervening period of uncertainty. (Docket 56 at p. 5). Lori relies on the case of Belvin v. United States to support this contention. 273 F.2d 583 (5th Cir. 1960). In Belvin, a codefendant confessed and in painstaking detail repeatedly implicated the other codefendants in a fraud case. Id. at 587. Neither defendant's counsel nor his codefendants were aware of the confession and were surprised when it was introduced into evidence. Id. The codefendants moved for a mistrial. Id. Although the Fifth Circuit refrained from ruling on the issue, it suggested that severing the confessing codefendant's case from the remaining codefendants may be appropriate under Fed. R. Crim. P. 14. See id. & n.10. Lori cannot claim the same surprise. Mitch's statements, or at least his assertions that she is responsible for J.L.'s injuries and ultimate death, are the basis for her motion to sever. Lori's Fifth and Six Amendment rights will not be prejudiced under the procedures outlined by the government. The court will

follow these procedures at trial.   Lori's motion to sever based on a <u>Bruton</u> violation is denied.

## ORDER

Based on the above analysis, it is

ORDERED that defendant Lori Wisecarver's motion to sever (Docket 55) is denied and a scheduling order will be entered.

Dated August 9, 2016.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                CHIEF JUDGE